IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD WHEELER                    :

    Plaintiff,                    :    Case No. 3:11-CV-92

    v.                            :    (Judge Richard P. Conaboy)
                                       (Magistrate Judge Carlson)
THOMAS W. CORBETT, ET AL.         :

    Defendant.                    :

**FILED
SCRANTON**

AUG 0 1 2013

PER_____ _CR_
DEPUTY CLERK

Memorandum

## I.  Background.

We consider here Magistrate Judge Martin C. Carlson's Report
and Recommendation ("R&R") filed February 15, 2013 in the above-
captioned matter.  The R&R recommends: (1) that this Court dismiss
the Section 1983 case against Defendants Thomas W. Corbett, Jr.,
and Linda Kelly, in their official capacities as Governor and
Attorney General of Pennsylvania respectively; and (2) that
Plaintiff's Motion for Preliminary Injunction (Doc. 17) in which he
seeks to enjoin enforcement of Section 3(1) of Pennsylvania's Post
Conviction Relief Act ("PCRA"), 42 PA C.S.A Section 9545(b)(1), be
denied. [1]  Plaintiff claims that Section 3(1) of the PCRA as
amended in 1995 violated his right to due process of law by not

---

[1] Section 3(1) of the Post Conviction Relief Act states: "the amendment of 42 Pa. C.S.A. §§
9542, 9543, 9544, 9545, and 9546 shall apply to petitions filed after the effective date of this act;
However, a petitioner whose judgment has become final on or before the effective date of this act
shall be deemed to have filed a timely petition under 42 Pa.. C.S.A Ch. 95 Subch. B if the petioner's
first petition is filed within one year of the effective date of this act."

1

affording him an adequate "grace period" to file his fourth PCRA petition.

This Court had previously reviewed the Report and Recommendation under a "clear error" standard because Plaintiff had seemingly chosen not to object to the content of the Report and Recommendation. As a result, this Court entered an Order (Doc. 29) on March 6, 2013 in which the Court stated that it could find no clear error in the Report and Recommendation, that Defendants Corbett and Kelly should be dismissed as parties to this lawsuit, and that Plaintiff's Motion for Preliminary Injunction (Doc. 17) should be denied. One day after the Court entered the aforementioned Order it became aware that Plaintiff had actually filed objections to the Report and Recommendation (Doc. 30) in Harrisburg on March 7, 2013 which, through operation of the "mailbox rule" were timely filed. Consequently, the Court reopened consideration of this matter by Order (Doc. 36) of March 14, 2013 and now considers this matter de novo in light of the Plaintiff's objections to the Report and Recommendation.

## II.  Legal Standards.

### 1.  Report and Recommendation Review Standard.

When a Plaintiff files objections to a Magistrate Judge's report, the reviewing court conducts a de novo review of those portions of the report to which objection is made.  28 U.S.C. § 636(b)(1).  To warrant de novo review, the objections must be both

timely and specific. Goney v. Clark, 749 F.2d 5, 6-7 (3d. Cir. 1984). The court may accept, reject or modify, in whole or in part, the findings made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). Uncontested portions of the report are reviewed for clear error. Cruz v. Chater, 990 F.Supp. 375, 376-77(MD.Pa. 1998).

## III. **Motion to Dismiss Standard.**

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which required only "a short and plain statement of the claims showing that the pleader is entitled to relief." The "short and plain statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Bell Atlantic Corp. V. Twombly, 550 U.S. 433 (2007). Twombly confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in

fact)." 550 U.S. at 555 (citations omitted).

In McTernan v. City of York, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in Twombly, 550 U.S. 433 (2007), and Ashcroft v. Igbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" Iqbal, 129 S.Ct. At 1949 (citing Twombly, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. At 1950.

McTernan, 577 F.3d at 530. Iqbal explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

McTernan discussed the effects of Twombly and Iqbal in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before McTernan, Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal

4

conclusions. [Iqbal, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. At 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Philips {v. Co. of Alleghany], 515 F.3d [224,] 234-35 [3d Cir. 2008)]. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting Twombly, 550 U.S. at 555) (not precedential).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## IV. Discussion.

Having reviewed this matter for a second time under a de novo

standard of review, we conclude that there is no reason to revise the conclusions announced in our Order of March 6, 2013. The Magistrate Judge comprehensively discussed the three PCRA claims that the Plaintiff complains were not entertained on the merits due to untimeliness. First, with respect to Plaintiff's argument that his 1996 (unfiled) petition [2] should now be considered by this Court, we find that, as was previously determined by Judge Padova of the Eastern District in 2006, even had that 1996 petition been filed, it would have been rejected as untimely under either the version of the PCRA then in force or its predecessor. Wheeler v. Morgan, Civil No. 96-7820, E.D.Pa. (September 26, 2006). Moreover, because the "unfiled" petition was Plaintiff's fourth PCRA filing, it would have been rejected as a successive, statutorily prohibited filing.

Second, with respect to Wheeler's 2004 petition, that filing was styled as one seeking habeas corpus relief in an apparent attempt to avoid dismissal due to the prohibition against successive PCRA petitions with which Wheeler was by then familiar. The 2004 petition was converted to a PRCRA action pursuant to 42 PA C.S.A. § 6503(b) which causes the Writ of Habeas Corpus to be subsumed in Pennsylvania within the PCRA. Such petitions for habeas relief are limited to those that do not implicate the truth-

---

[2] Plaintiff gave prison officials a PCRA petition in January of 1996 that, for some undetermined reason, was never filed.

determining process underlying a petitioner's conviction and sentence and do not concern the legality of the sentence imposed. Commonwealth v. West, 938 A.2d. 1034,1044 (Pa. 2007). Because Wheeler's Amended Complaint (Doc. 12-2 at p. 43) alleged that the 2004 petition raised " both the previously litigated and January 12, 1996 PCRA petition claims", Plaintiff conceded that these claims were properly the subject of a PRCRA claim. (Doc. 12-2, ¶ 43) In any event, Wheeler did not demonstrate, as required by Commonwealth v. West, supra, that his 2004 petition did not implicate the truth-determining process. Thus, his attempt to resurrect the 2004 petition was properly denied.

Third, with respect to Wheeler's 2007 PCRA petition, one founded on his assertion that one of the eyewitnesses who testified at his 1983 murder trial was mentally retarded, Wheeler's claim in this regard was also properly dismissed as untimely. While Wheeler claims that he did not learn that the witness in question, Jerome Gibson, was mentally retarded until August 7, 2007, the record clearly indicates that the facts concerning that eyewitness's mental capacity were in the public domain by November 17, 1998, when the Supreme Court of Pennsylvania, in a published opinion, affirmed the eyewitness's murder conviction and death sentence after reviewing an extensive record that characterized Gibson as "borderline mentally retarded". Thus, Plaintiff's claim that information concerning Gibson's mental capacity was unavailable to

7

him before August 7, 2007 is simply untrue.[3]

Plaintiff's eight objections to the R&R are united by a common theme that, for a variety of reasons, the Magistrate Judge "misconstrued" his Amended Complaint and failed to perceive the constitution-based due process arguments raised therein. These arguments assert essentially that the limitations period expressed in the 1995 amendments to the PCRA did not afford him an adequate "grace period" to file his fourth PCRA claim and four others that followed between 1996 and 2007. Plaintiff also claims that the PCRA timing requirements are "impermissibly vague" such that this Court ought to enjoin their operation as jurisdictional both as to him and as to similarly situated persons.

Suffice it to say that this Court has thoroughly reviewed the statutory provisions Plaintiff complains about and finds them both to be clear and to provide reasonable due process for those convicted of crimes under Pennsylvania law to challenge the circumstances of those convictions. Indeed, the record in this case belies Plaintiff's argument as it discloses that three separate PCRA claims he filed in the twelve years between his conviction and the passage of the 1995 amendments to the PCRA were heard and rejected on their merits.

The Supreme Court of the United States has held that to

---

[3] Beyond the fact that Plaintiff's 2007 PCRA action was untimely, the fact that Gibson was "borderline mentally retarded" does not implicate the acuity of his eyesight and would not have constituted grounds upon which the 2007 action could have succeeded.

successfully challenge the due process provided by any state's post-conviction procedures the Plaintiff must demonstrate that those post-conviction procedures "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgress any recognized principle of fundamental fairness in operation." District Attorney's Office for the Third Judicial District v. Osborne, 557 U.S. 52, 129 S.Ct. 2308, 2319 (2009). The Supreme Court has also held that the states may "impose procedural bars to restrict repeated returns to state court for post-conviction proceedings." Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Having reviewed this case and the text of the PCRA thoroughly, this Court must conclude that the PCRA, both in its current form and as constituted at all times since Plaintiff was convicted of murder in 1983, comports with the principles of due process our Constitution requires. An Order consistent with this determination follows.

BY THE COURT

Honorable Richard P. Conaboy
United States District Court

Dated: 7-29-13

9