IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD WHEELER                :

    Plaintiff,            :    Case No. 3:11-CV-92

    v.                    :    (Judge Richard P. Conaboy)
                                    (Magistrate Judge Carlson)
THOMAS W. CORBETT, ET AL.     :

    Defendant.            :

---

Memorandum

## I.  Background.

The Court considers here Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") filed June 6, 2014 in the above-captioned matter.  The R&R addresses the last remaining claims of Plaintiff's Amended Complaint (Doc. 12-2) filed December 23, 2011.[1] These claims assert that Defendants Kauffman and Morrison, Corrections Officers at S.C.I Huntingdon, encouraged an inmate described only as "Irvin BQ-3651" to provoke a fight with the Plaintiff to retaliate against him for filing the instant lawsuit. Plaintiff alleges further that as a result of being involved in that altercation he was subjected to administrative segregation for a period of ninety days.  Plaintiff alleges a violation of his right to court access pursuant to the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section

---

[1] Other aspects of the Amended Complaint in this matter were dismissed by Order dated August 1, 2013 (Doc. 39).

1983.  For the reasons that follow, we shall accept the Magistrate Judge's R&R to the extent that it deals with Plaintiff's due process claim, [2] and reject that section of the R&R that deals with Plaintiff's claim regarding access to the courts.

## II.  Legal Standards.

### 1.    Report and Recommendation Review Standard.

When a Plaintiff files objections to a Magistrate Judge's report, as is the case here, the reviewing court conducts a de novo review of those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1).  To warrant de novo review, the objections must be both timely and specific.  Goney v. Clark, 749 F.2d 5, 6-7 (3d. Cir. 1984).  The court may accept, reject or modify, in whole or in part, the findings made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  Uncontested portions of the report are reviewed for clear error.  Cruz v. Chater, 990 F.Supp. 375, 376-77(MD.Pa. 1998).

## III. Motion to Dismiss Standard.

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing

---

[2] The Amended Complaint does not contain an ad damnum clause seeking due process damages for the time spent in administrative segregation.  However, the R&R properly considered Plaintiff's pro se status in analyzing whether a due process claim had been stated.

that the pleader is entitled to relief."  The "short and plain
statement" must be sufficient to "give the defendant fair notice of
what the plaintiff's claim is and the grounds upon which it rests."
Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other
grounds by Bell Atlantic Corp. V. Twombly, 550 U.S. 433 (2007).
Twombly confirmed that more is required than "labels and
conclusions, and a formulaic recitation of the elements of a cause
of action will not do."  550 U.S. at 555 (citing Papasan v. Allain,
478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not
bound to accept as true a legal conclusion couched as a factual
allegation")).  "Factual allegations must be enough to raise a
right to relief above the speculative level on the assumption that
all allegations in the complaint are true (even if doubtful in
fact)."  550 U.S. at 555 (citations omitted).

    In McTernan v. City of York, 577 F.3d 521, 530 (3d Cir. 2009),
the Third Circuit Court of Appeals set out the standard applicable
to a motion to dismiss in light of the United States Supreme
Court's decisions in Twombly, 550 U.S. 433 (2007), and Ashcroft v.
Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a
> complaint must contain sufficient factual matter,
> accepted as true to 'state a claim that relief is
> plausible on its face.'" Iqbal, 129 S.Ct. At 1949
> (citing Twombly, 550 U.S. at 570).  The Court
> emphasized that "only a complaint that states a
> plausible claim for relief survives a motion to
> dismiss."  Id. At 1950.

3

McTernan, 577 F.3d at 530.  Iqbal explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

McTernan discussed the effects of Twombly and Iqbal in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before McTernan, Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. At 1950.  In other words, a complaint must do more than allege a plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Philips {v. Co. of Alleghany], 515 F.3d [224,] 234-35 [3d Cir. 2008)].  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. At 1949.  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Fowler, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts.  As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting Twombly, 550 U.S. at 555) (not precedential).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**IV.  Discussion.**

The R&R encouraged the Court to dismiss this suit as one which does not state a claim upon which relief can be granted under the refined pleading standards articulated in Twombley and Igbal, supra. The Court does acknowledge that the factual sufficiency of the Amended Complaint is a close call. While the Court does agree that Plaintiff will shoulder a difficult burden in proving the allegations made against Defendants Kauffman and Morrison, we do find that these allegations, which must be credited in the context of a 12(b)(6) motion (see Jordan v. Fox, Rothschild et al, 20 F.3d 1250, 1261 (3d. Cir. 1994), make out the elements of a retaliation claim and afford these Defendants adequate notice of the nature of the claims against them as required by Conley v.Gibson, supra.

5

More than that is not required to defeat a motion to dismiss pursuant to Rule 12(b)(6).

The R&R characterizes Plaintiff's retaliation claim as one that draws factual support from only four paragraphs of a 124 paragraph Amended Complaint.  (Doc. 50 at 9-10).  However, our reading of the Amended Complaint discloses that paragraphs 56-87 thereof consist of factual allegations which, if believed, make out a valid claim that Plaintiff experienced retaliation for filing the instant lawsuit.

Inasmuch as access to the Courts is indisputably protected conduct, see Anderson v. Davila, 125 F.3d 148, 161 (3d. Cir. 1997) and Milhouse v. Carlson, 652 F.2d 371, 374 (3d. Cir. 1981), we have reviewed the law of our Circuit to determine the necessary elements of a retaliation claim. Those elements are: (1) the conduct that led to the alleged retaliation must be constitutionally protected; (2) the prisoner litigating a retaliation claim must have suffered some adverse action as a result in engaging in the protected conduct; and (3) the prisoner must demonstrate a causal link between the exercise of his constitutional rights and the adverse action taken against him.  Rauser v. Horn, 241 F.3d 330, 333 (3d. Cir. 2001). [3]  Here, Plaintiff has adequately alleged that he

---

[3] The R&R concludes that the third, causal connection prong of Rauser, supra, was not satisfied because some four months elapsed between the filing of the lawsuit and the allegedly retaliatory behavior.  However, a close reading of the Amended Complaint reveals that Plaintiff actually asserts that Defendants Kauffman and Morrison retaliated against him within days of learning that he had filed the instant suit.  This is enough to satisfy the temporal proximity

engaged in protected behavior (Doc. 12-2, ¶ 72), that he was retaliated against and suffered adverse action (Id. ¶ 81), and that the adverse action was a response to his exercise of a constitutional right (Id. ¶¶ 122-123). Due to these allegations the Court must conclude that Plaintiff's retaliation complaint has "facial plausibility" because it would allow a fact-finder to draw the reasonable inference that Defendants violated his rights.  See Igbal at 678.  Accordingly, the retaliation claim against Defendants Kauffman and Morrison must be allowed to go forward and Plaintiff must be given an opportunity to develop such proof of his claim as he can muster.

The Court does concur with that portion of the R&R concerning Plaintiff's possible assertion of a due process claim for the time he spent in the restricted housing unit.  Because the R&R correctly observes that placement in administrative segregation is not so atypical of the ordinary incidents of prison life as to implicate a liberty interest (see Sandin v. Conner, 515 U.S. 472, 484 (1995); and Griffin v. Vaughn, 12 F.3d 703, 706 (3d. Cir. 1997)), we conclude that, to the extent that Plaintiff was asserting a due process claim, that claim must be extinguished.  This case will go forward confined to Plaintiff's claim that he was unlawfully retaliated against due to his exercise of his First Amendment right of access to the Courts.  An Order consistent with these

component of Rauser.

7

determinations will be filed contemporaneously herewith.

BY THE COURT


S/Richard P. Conaboy
Honorable Richard P. Conaboy
United States District Court


Dated: August 6, 2014