## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD WHEELER,** | : | **Civil No. 3:11-CV-92** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Conaboy)** |
| | : | |
| **THOMAS CORBETT, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I.      Statement of Facts and of the Case

This case comes before the court for resolution of discovery-related motions filed by the plaintiff, Ronald Wheeler, a state inmate. Mr. Wheeler commenced this action more than four years ago, on January 12, 2011. (Doc. 1.) Many of the original grievances listed by Wheeler in this initial pleading have long since been dismissed by this court, yet this litigation survives due in large measure to the allegations made by Wheeler in April of 2012, more than three years ago, when he was granted leave to file his first amended complaint. (Docs. 16 and 67.) These remaining allegations pertain to alleged retaliation against Wheeler in May 2011 due to his litigation activities. Thus, the sole remaining claims in this case are Wheeler's 2011 First Amendment retaliation and access to court claims.

This case has a painfully protracted history. However, after a number of fitful episodes it appeared that fact discovery had drawn to a close in this matter, when the extended discovery deadline in this case lapsed on June 23, 2015, and the deadline for discovery-related motions passed on May 25, 2015. (Doc. 72.) Notwithstanding the expiration of these deadlines, on July 6, 2015, Wheeler filed a discovery-related motion, a motion to compel. (Doc. 87.) At the time that Wheeler filed this tardy motion there was already pending before the court a potentially dispositive summary judgment motion, and consistent with settled case law we initially ordered discovery stayed while we considered the merits of this dispositive motion. (Doc. 95.) Wheeler has now filed a motion to stay our consideration of the summary judgment motion, pending the outcome of his motion to compel. (Doc. 102.)

Notwithstanding the delay in filing these motions, in order to fairly address Wheeler's concerns, we have now re-examined the merits of Wheeler's motion to compel. Upon a further examination of this motion, for the reasons set forth below, we conclude that Wheeler is not entitled to compel the far-reaching, and inappropriate, discovery which he seeks, and therefore the motion to compel is denied.

## II.   <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

(a) Motion for an Order Compelling Disclosure or Discovery

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

(1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the

3

scope of discovery permitted under Rule 26 also rest in the sound discretion of the

Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus,

a court's decisions regarding the conduct of discovery, and whether to compel

disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This

far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l
> Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585
> (D.N.J.1997). When a magistrate judge's decision involves a
> discretionary [discovery] matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States,
> 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate
> judge's discovery ruling "is entitled to great deference and is reversible
> only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys.
> Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.
> BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
> (holding that discovery rulings are reviewed under abuse of discretion
> standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223
> F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
> resolution of discovery disputes deserves substantial deference and
> should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Furthermore, in a prison setting, inmate requests for information relating to

security procedures can raise significant institutional safety concerns, and implicate

a legitimate governmental privilege, a governmental privilege which acknowledges

a governmental needs to confidentiality of certain data but recognizes that courts must

balance the confidentiality of governmental files against the rights of a civil rights

litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by
> discouraging citizens from giving the government information; (2) the
> impact upon persons who have given information of having their
> identities disclosed; (3) the degree to which governmental self-evaluation
> and consequent program improvement will be chilled by disclosure; (4)
> whether the information sought is factual data or evaluative summary;
> (5) whether the party seeking the discovery is an actual or potential
> defendant in any criminal proceeding either pending or reasonably likely
> to follow from the incident in question; (6) whether the police
> investigation has been completed; (7) whether any intra-departmental
> disciplinary proceedings have arisen or may arise from the investigation;
> (8) whether the plaintiff's suit is non-frivolous and brought in good faith;
> (9) whether the information sought is available through other discovery
> or from other sources; and (10) the importance of the information sought
> to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

Here we have now considered Wheeler's motion to compel, and examined the

defendants' responses to these discovery requests, which Wheeler has filed with the

court. (Docs. 87-89.) In reviewing these discovery demands we note at the outset that

a number of Wheeler's discovery demands are expressly premised upon claims and

allegations which are set forth in a proposed second amended complaint which

Wheeler sought leave to file 4 ½ years after this litigation commenced and one day before the expiration of the discovery deadline. We have, by a separate Report and Recommendation, recommended that this belated, improper, and highly prejudicial request to amend be denied. It follows, therefore, that Wheeler should not be permitted to indulge in discovery of claims not presently before this court, and claims that we recommend should not be permitted in this case at this late date. See generally, Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013)(denial of discovery motion and motion for leave to amend within the trial court's discretion). Therefore, to the extent that Wheeler seeks this discovery on claims that are not in this lawsuit, the motion to compel is denied.

We further note that many of these disputed discovery requests were framed by Wheeler as requests for admissions under Rule 36 of the Federal Rules of Civil Procedure. When considering discovery disputes like the instant dispute  relating to requests for admissions, the court–and the litigants–must remain mindful of the limited purpose served by this particular discovery tool.

> The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. See Webb v. Westinghouse Elec. Corp., 81 F.R.D. 431, 436 (E.D.Pa.1978); United States v. Watchmakers of Switzerland Information Center, Inc., 25 F.R.D. 197, 201 (S.D.N.Y.1959). Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word "denied" is often sufficient under the rule. See, e.g., Continental Casualty Co. v. Brummel, 112 F.R.D. 77, 81-82 n. 2

(D.Colo.1986); <u>Kleckner v. Glover Trucking Corp.</u>, 103 F.R.D. 553, 557 (M.D.Pa.1984). "Regardless of the subject matter of the Rule 36 request, the statement  of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." <u>Havenfield Corp. v. H & R Block, Inc.</u>, 67 F.R.D. 93, 96 (W.D.Mo.1973). "A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." <u>Johnstone v. Cronlund</u>, 25 F.R.D. 42, 46 (E.D.Pa.1960). "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." <u>Id.</u> at 45

<u>United Coal Companies v. Powell Const. Co.</u>, 839 F.2d 958, 967-68 (3d Cir. 1988).

With these legal guideposts in mind, we turn to consideration of Wheeler's discovery motion.

At the outset, to the extent that Wheeler invites us to find that the defendants have failed to adequately respond to his requests for admission, we will decline this invitation since our review of these requests for admission, and the defendants' responses to those requests for admission, reveal several basic truths. First, many of these requests were confusing, unclear, prolix, and propounded in an argumentative fashion. These requests for admission also frequently embraced multiple, independent propositions, many of which assumed the ultimate issues at dispute in this lawsuit. Some of these propositions were also framed in the nature of legal assertions. Thus, these requests for admission routinely violated the simple guidance that: "Regardless of the subject matter of the Rule 36 request, the statement  of the fact itself should be

in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D.Mo.1973). Similarly, the complex and confusing format of many of these requests defied any ready response, and did not heed the court's admonition that: "A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." Johnstone v. Cronlund, 25 F.R.D. 42, 46 (E.D.Pa.1960). "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." Id. at 45. Given the flaws in these requests for admissions, we find the defendants' responses to these requests were both reasonable and appropriate. The defendants admitted what they could. They denied what they disputed, and they objected to those propositions which were not appropriates topics for requests for admission. Accordingly, we will decline this invitation to compel further replies to these requests.

Further, we find that the requests to produce propounded by Wheeler are fatally overbroad. These requests are often global in the breadth, unmoored to any temporal or topical limitations and intrude into areas of institutional security which are plainly privileged. Therefore, the defendants property objected to these requests for

production.

Finally, many of Wheeler's discovery demands purport to seek information concerning security investigations, data concerning prison informants, and other extraordinarily sensitive investigative information, including information relating to the investigation of an episode in which Wheeler was found to have assaulted another inmate. "When discoverable information raises institutional and security concerns, the court must balance the need for the information and the extent the information compromises security. In the instant matter, defendants' security concerns are valid." McAllister v. Weikel, No. 1:12-CV-2273, 2015 WL 3953048, at *2 (M.D. Pa. June 29, 2015). In the instant case, this balancing tilts heavily in favor of the defendants, who seek to avoid releasing sensitive investigative information to an inmate with a documented propensity for institutional violence. Releasing this type of sensitive investigative material to an inmate who has shown a penchant for violence directed at those he perceives as cooperating with prison staff would be unwise, inappropriate, unsafe and legally unwarranted. Therefore, this request will also be denied.

In sum, having reviewed Wheeler's belated motion to compel, we find on the basis of Wheeler's own pleadings that he is not entitled to the discovery which he seeks. Therefore, in the exercise of our discretion, we will deny this motion to compel.

Citing Rule 56(d) of the Federal Rules of Civil Procedure,  Wheeler has also

sought to stay considerations of the pending summary judgment motion until the court rules upon his motion to compel. Given that we have denied the motion to compel, the motion to stay consideration of the pending summary judgment motion in this case pending resolution of the motion to compel is now moot. In any event, we note that Wheeler's stay request did  not comply with the requirements of Rule 56(d), which provides that:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant *shows by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P., Rule 56(d).

Under Rule 56(d), "[a] properly filed motion must be accompanied by 'a supporting affidavit detailing what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.' Abington, 480 F.3d at 257 n. 3 (3d Cir.2007) (quoting Dowling, 855 F.2d at 140)." Superior Offshore Int'l, Inc. v. Bristow Grp., Inc., 490 F. App'x 492, 501 (3d Cir. 2012). Further, a motion under Rule 56(d) is insufficient if it "failed to explain need for discovery and did not identify particular facts hoped to be uncovered[.]

Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir.1986) (Rule 56(f) affidavit insufficient because it did not specify what discovery was needed or why it had not previously been secured)." Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988).

Here, Wheeler has not provided an affidavit detailing in any intelligible way how this discovery is necessary to address the summary judgment motion. Further, he has not explained why he did not timely seek this information during the past 4 ½ years of litigation. Nor has he explained why he allowed the discovery and motions deadlines to pass before lodging this motion. Furthermore, we have specifically found that he is not entitled to this discovery which he seeks. Since Wheeler has not made the basic threshold showing necessary under Rule 56(d) for a stay, his request for a stay will also be denied.

An appropriate form of order follows.

### III.  Order

AND NOW this 19th day of August, 2015, for the forgoing reasons IT IS ORDERED that the plaintiff's motion to compel (Doc. 87), is DENIED and the plaintiff's motion to stay our consideration of the summary judgment motion, pending the outcome of his motion to compel, (Doc. 102), is DISMISSED since we have ruled upon this motion to compel.

_S/Martin C. Carlson_____
Martin C. Carlson
United States Magistrate Judge