IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD WHEELER                              :

    Plaintiff                         :        Case No. 3:11-CV-92

    v.                                :

Thomas Corbett, and his             : (Judge Richard P. Conaboy)
successor in office in their
official capacity of Attorney       :
General, Commonwealth of PA,
et al.,                             :

    Defendants                        :

FILED
SCRANTON

OCT 3 0 2015

PER _____ CTC
DEPUTY CLERK

**Memorandum**

## I.   Background.

The Court considers here two Reports and Recommendations
("R&R's) from Magistrate Judge Martin C. Carlson (the
"Magistrate").   Plaintiff Ronald Wheeler has filed objections to
both R&R's and, accordingly, we shall conduct a de novo review of
the record giving full consideration to his objections.   Goney v.
Clark 749 F.2d 5, 6-7 (3d. Cir. 1984).   The Court may accept,
reject or modify, in whole or in part, the Magistrate's findings.
See 28 U.S.C. § 636(b)(1).   Uncontested portions of the R&R's,
which will be considered in the order filed, will be reviewed only
for clear error.   Cruz v. Chater, 990 F.Supp. 375, 675-77 (M.D.Pa.
1998).

The remaining claims in this case arise from allegations that
in May of 2011 Defendants Kauffman and Morrison, both prison guards

1

at SCI Hungtingdon, conspired with an inmate to provoke Plaintiff to engage in a physical altercation.  The alleged object of this confrontation was to create a false misconduct report in order to punish Plaintiff for exercising his constitutional right to seek relief in Federal Court.  Plaintiff alleges that, pursuant to 42 U.S.C. § 1983, he was retaliated against for lawfully exercising his First Amendment right to court access.

## II.  R&R of August 18, 2015 (Doc. 104).

This R&R concerns Plaintiff's second motion to amend his amended complaint (Doc. 76). [1] His first motion to amend his amended complaint had been denied by this Court per Order (Doc. 48) of March 4, 2014.  The Court denied Plaintiff's motion due to its perception that the claims and allegations Plaintiff sought to add bore insufficient relation to his other claims to permit their inclusion in this lawsuit.

After Defendants Corbett and Kelly successfully moved to dismiss this case as to them, Plaintiff was allowed to further pursue his § 1983 claim against Defendants Kauffman and Morrison. [2] Plaintiff was accorded four months up to and including December 12, 2014 to conduct discovery pursuant to a case management order (Doc.

---

[1] Plaintiff had been permitted to amend his original complaint by Order (Doc. 16) dated April 3, 2012.

[2] The case as initially filed was a habeas corpus challenge to the Pennsylvania Post Conviction Relief Act.  After Plaintiff was allowed to amend his initial complaint, the civil rights allegations against Defendants Kaufmann and Morrison were added.

57) issued by the Magistrate.  On November 17, 2014, Plaintiff
moved (Doc. 59) for additional time to complete discovery.  The
Magistrate granted that motion (Doc. 60) and allowed Plaintiff an
additional 30 days to complete discovery.  At some point thereafter
it became apparent that Plaintiff had not effected service of
process on the Defendants thus provoking additional delay.  The
Magistrate then entered another scheduling order (Doc. 72) on March
23, 2015 that extended the discovery period once again until June
23, 2015. Thus, considering all extensions, Plaintiff was given
more than 10 months to complete discovery.

On June 22, 2015, one day before the already thrice extended
discovery deadline expired, Plaintiff moved (Doc. 76) to amend his
complaint once again.  This motion was fully briefed by the parties.
(Docs. 77 and 91).  Plaintiff explained that his proposed amended
complaint "only sets forth/clarifies factual allegations that
support the sole remaining claim."  (Doc. 107 at 1).  The Magistrate
disagreed and in his R&R dated August 18, 2015, the Magistrate Judge
recommended that Plaintiff's latest motion to amend his amended
complaint be denied.  Our review of both the existing amended
complaint (Doc. 12-2) and the proposed amended complaint (Doc. 76-2)
persuades the Court that the allegations Plaintiff would now add
concern new matter and old claims which, as the Magistrate Judge
observed, relate back to 2011 and earlier and "entail matters which
should have been apparent to Wheeler for many years." (Doc. 104 at

2-3). [3]  For that reason, we agree with the Magistrate Judge that Plaintiff's motion "is untimely, improper and prejudicial." (Id. At 3).  We incorporate by reference the Magistrate Judge's R&R on this issue, ratify its content in its entirety, and find that Plaintiff's latest motion to amend his amended complaint (Doc. 76) must be denied.

**III. R&R of August 20, 2015 (Doc. 106).**

This R&R relates to Defendants' motion for summary judgment (Doc. 78) filed June 23, 2015.  Defendants Morrison and Kauffman seek judgment in their favor against Plaintiff's claims that they conspired to violate his First Amendment right of access to the courts and that they retaliated against him for exercising that right by filing suits against prison officials.  For the reasons that follow, the Court will adopt the R&R as its own opinion in this matter, and grant Defendants' motion for summary judgment.

Plaintiff's retaliation claims against Defendants Kauffman and Morrison stem from isolated remarks by each man.  The Court completely concurs with the Magistrate Judge's characterization of these remarks that the Defendants allegedly directed to Plaintiff as both cryptic and, at most, non-actionable verbal harassment. (Doc. 106 at 13-15).  Even crediting Plaintiff's allegations regarding an

---

[3] We note that Docket item 76-2 differs from Docket Item 12-2 principally in that it contains additional allegations that concern the events of May 22, 2011 that, had they occurred, were known to Plaintiff years before he moved to file his second amended complaint.  These allegations will be discussed in the next section of this memorandum.

4

isolated remark attributed to Defendant Kauffman on May 13, 2011
(Doc. 12-2, ¶ 75) and a remark Defendant Morrison allegedly made to
an unidentified inmate within Plaintiff's earshot on May 20, 2011
(Doc. 12-2 ¶ 76), these remarks taken together provide no proof that
the Defendants engaged in any concerted action to violate
Plaintiff's rights or to dissuade him from filing documents in
pursuit of this claim.[4]  In fact, Plaintiff does not even
specifically allege that Defendant Morrison's remark to the
unidentified inmate was directed at him. Plaintiff attaches great
significance (See Doc. 12-2, ¶¶ 72-76) to the fact that the remarks
by Defendants Kauffman and Morrison followed closely after prison
officials learned that the U.S. Marshal had been directed to serve
his initial complaint on the original Defendants.  The Court sees no
significance in the temporal proximity of these events because
Kauffman and Morrison were not among the original defendants and
prison officials had been aware of Plaintiff's complaint since at
least February 7, 2011, the date upon which Wheeler authorized
prison officials to deduct his filing fee from his inmate account.
(Doc. 7).  Thus, the temporal sequence of these events is hardly
suggestive of retaliation on the part of Kauffman and Morrison.
Indeed, as of the date of Plaintiff's attack on inmate Ervin,
Kauffman and Morrison had no personal reason to retaliate against

---

[4] Regarding Plaintiff's claim that his First Amendment right to court access has been in any way impeded, the dozens of filings by Plaintiff that permeate the docket in this matter belie his allegations in this regard.

the Plaintiff.

Plaintiff's other allegation is that Defendants Kauffman and Morrison orchestrated a situation in which an inmate named Irvin purposefully provoked Plaintiff. This provocation was allegedly arranged in order that he could be charged with a prison infraction. This allegation by Plaintiff is unworthy of belief. The multiple video tapes (from three different camera angles) of the violent assault Plaintiff perpetrated against inmate Irvin in the prison cafeteria on May 22, 2011 contain no proof that, as Plaintiff alleges, an unidentified corrections officer directed Irvin to the table where Plaintiff was located. (Doc. 12-2, ¶ 77). The videotape does, however, conclusively establish that inmate Irvin did not, as Plaintiff alleges, extend his hand toward Plaintiff's groin area or any other part of his anatomy on the date in question. Rather, after reviewing each of the camera angles multiple times, the Court concludes, as did the Magistrate Judge, that Plaintiff punched inmate Irvin in the head at least twice without any semblance of physical provocation. The videotape clearly depicts that inmate Ervin had his hands at his sides when Plaintiff launched his unprovoked attack. No reasonable juror reviewing the videotape could find otherwise. Accordingly, we accept the Magistrate Judge's conclusion that the prison officials at SCI Huntingdon acted appropriately in confining Plaintiff for 90 days in the Restricted Housing Unit as proper discipline for his violent, unprovoked

6

assault on inmate Irvin.   We adopt in all other respects the Magistrate Judge's legal analysis of this case as expressed in the R&R and accept his recommendation that Defendants' motion for summary judgment (Doc. 78) should be granted.

**IV.   Conclusion.**

An Order consistent with the foregoing Memorandum will be filed contemporaneously herewith.

Honorable Richard P. Conaboy
United States District Court

Dated: _10-29-15_