```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RONALD WHEELER | : | |
| Plaintiff | : | Case No. 3:11-CV-92 |
| v. | : | |
| Thomas Corbett, and his successor in office in their official capacity of Attorney General, Commonwealth of PA, et al., | : : : | (Judge Richard P. Conaboy) |
| Defendants | : : | |

FILED SCRANTON
APR 20 2016
PER _____
DEPUTY CLERK

Memorandum

This action involves allegations that Defendants Kauffman and Morrison, prison guards at SCI Huntingdon, conspired to provoke Plaintiff to attack a third inmate in order to subject him to disciplinary confinement. We consider here Plaintiff's Motion for Reconsideration (Doc. 127) of this Court's Order of October 30, 2015 (Doc. 125) ratifying a magistrate judge's recommendations (Docs. 104 and 106) that Plaintiff's Motion to Amend his Complaint (Doc. 76) be denied and that Defendants' Motion for Summary Judgment (Doc. 78) be granted. Plaintiff briefed his Motion for Reconsideration (Doc. 128) on November 23, 2015. Defendants briefed their opposition to Plaintiff's Motion for Reconsideration (Doc. 134) on December 30, 2015. On January 21, 2016, Plaintiff filed his Reply Brief (Doc. 135), which merely reiterates the

1

arguments raised in his primary brief.

As the Government correctly states in its Brief (Doc. 134 at 7), the grounds upon which a motion for reconsideration should be granted in the Third Circuit are set forth in Max's Seafood Café v. Quinteros 76 F.3d 669 (1999). More specifically:

> The purpose of a Motion for Reconsideration...is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the Court granted the Motion for Summary Judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café, supra, at 677. Denial of a motion for reconsideration is appropriate where the proponent merely reiterates previously rejected arguments. Lazardis v. Wehmer, 591 F.3d 666, 669 (3d. Cir. 2010).

Having thoroughly reviewed the previous filings in this matter once again, the Court concludes that Plaintiff has neither alleged discovery of new evidence nor demonstrated the existence of a clear

legal or factual error.  Rather, each of Plaintiff's arguments in support of reconsideration has been previously considered by this Court and rejected.  Accordingly, Plaintiff's Motion for Reconsideration will be denied pursuant to the case law principles referenced above.  An Order consistent with this determination will be filed contemporaneously.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated: 4/19/16